# COUNTY OF ANDROSCOGGIN.

ANDROSCOGGIN RAILROAD CO. *versus* LEVI RICHARDS *& al.*

An officer acting under a warrant for the search of intoxicating liquors, is justified in forcibly breaking and opening the depot of a railroad in which the liquors are stored, after the usual time for receiving and delivering goods at the depot, if such forcible entry is necessary to the execution of the warrant.

It is not necessary in such case, that the officer should first ask permission of the person having charge of the depot, to enter and search it.

Intoxicating liquors, though belonging to a town, are not protected against seizure and forfeiture, under the statute of March 31, 1853, unless the casks and vessels in which they are contained are plainly and conspicuously marked with the name of the town *and its agent.*

ON EXCEPTIONS from *Nisi Prius,* HATHAWAY, J., presiding.

TRESPASS *quare clausum,* for breaking and entering the depot of the plaintiffs and conveying away certain spirituous liquors found therein.

The defendants justified as officer and aid, acting under a warrant, commanding the officer in the usual form to enter and search the depot and freight house and seize the liquors.

One lot of liquors seized, was marked " Town of Canton, Me., Strickland's Ferry Depot," and the other, " Town of Livermore, Me., Strickland's Ferry Depot."

It appeared, that a printed notice was posted up on the depot, that no freight would be received or delivered after six o'clock, P. M., which notice remained there when the liquors were taken; and that the person in charge, having fastened up the freight house for the night, left it at fifteen minutes after six o'clock on the evening the liquors were seized. The freight house was broken open and the liquors seized by the defendants after that time, and just before sun down.

Some question was made at *Nisi Prius* as to the admissibility of the records of the town to prove the election of the officer, but no exceptions having been made by plaintiffs to

the ruling of the presiding Judge upon this part of the case, the copies of the record introduced are not given.

The presiding Judge instructed the jury, that after the person having charge of the freight depot had fastened it up and left it locked for the night, the defendants, though they had a warrant to them directed to search it, had no right with force to break it open and enter it, and carry away the liquors, in the absence of the person having charge or care of the depot, unless they had obtained or asked permission to enter and search it, and the same had been refused, *and unless such forcible entry was necessary to enable them to execute the warrant;* that, if they did so break and enter, without permission and without the consent or knowledge of the person having charge or care of the depot, and without asking such permission to enter and search it, their warrant would furnish them no protection and they would be trespassers by so doing, and would be liable to the plaintiffs; and *that the measure of damages would be the full value of the liquors at the place and time when and where they were so taken by defendants, with the amount of damages, if any, done to the plaintiffs' building by such breaking and entering.*

The Judge further said, that he had no hesitation in instructing the jury, that if the defendants broke and entered the depot after it had been closed and fastened for the night, and left by the depot-master, without any notice or request to him, or to some person having care of it, and took the liquors sued for therefrom, such proceeding was wholly unjustifiable, and that the search warrant, under which they professed to act, would afford them no protection, and that a search commenced and conducted under such circumstances was unreasonable and illegal.

Defendants' counsel requested the Court to · instruct the jury, "that the opening the door and entering, as testified to, was not a 'breaking,' in the contemplation of law," which the Court declined to do.

The cost of the liquors seized, including freight, was $191,54.

Androscoggin Railroad Company *v.* Richards.

The jury, under the instructions given, returned a verdict for plaintiffs for $215,23.

Defendants excepted.

*C. W. Goddard,* for defendants.

1. The instructions in regard to the breaking and opening, without permission, and after the depot was locked up for the night, were erroneous.

A search warrant authorizes an officer to break and enter even a private dwelling. *Sanford* v. *Nichols,* 13 Mass. 286.

The necessity of a preliminary request and refusal applies to a dwelling alone. *Semayne's case,* Smith's Leading Cases, 142 and note.

The process under which defendants justify, issued by a competent magistrate, and being in proper form, protects defendants in a legal search. *State* v. *McNally,* 34 Maine, 210.

2. The liquors were liable to seizure and confiscation, although shown to be the property of towns, because they were not "plainly and distinctly marked with the agent's name." Liquor law of March 31, 1853, § 8.

3. The command of the State, speaking through the magistrate to the officer, was to search forthwith the place named, in the day time, without any other qualification, and any implied qualification is an exception, and as such should be strictly construed, and not needlessly admitted.

Defendants arrived at the depot "just before sundown." Their warrant commanded them to search forthwith, in the day time, and consequently they had no time to travel about in search of the depot-master, as it would have been night before they could return.

While they were so searching, parties interested might remove the property searched for, and thus the law be evaded.

Besides, plaintiffs had given notice that they would not deliver goods after six o'clock, so a demand or request would have been fruitless.

4. It was not necessary to tender the freight. The lien of

the company, given by the charter, attaches only in case of individual claimants and civil suits.

5. The plaintiffs are at any rate liable but for nominal damages. *Bagshaw* v. *Gaward,* Yelverton, (Metcalf's ed.,) 96; *Sanford* v. *Nichols,* 13 Mass. 286.

6. The defendants are greatly injured by the verdict rendered under the instructions given, having been fined in vindictive damages, $215,23, or $23,69 more than the full value of the liquors and the freight.

*Morrill* and *Fessenden,* for plaintiffs.

1. It does not appear by any evidence in the case, that Richards, one of the defendants, was ever legally chosen constable. R. S., c. 5, § 4; 19 Maine, 184; 13 Maine, 466.

2. The plaintiffs were obliged by law to be in readiness and prepared to convey passengers and articles, and when the appropriate tolls are paid or tendered, they are obliged to receive goods at all proper times and places, and convey the same.

Plaintiffs have a lien on all articles transported for said tolls, and proper notice was given as to the time when they would not receive or deliver freight.

Under these circumstances, the action can be maintained. 2 Greenl. Ev. § 614; Com. Dig. title Trespass, (B. 1,) (B. 2,) (B. 4); 25 Maine, 411.

3. Depots should be protected against all liability of being forcibly broken open and unreasonably searched.

The manner in which the warrant was executed was an abuse of authority, and the officer and his aid were therefore trespassers, *ab initio.* They should have first demanded or requested of the person in charge of the depot, permission to enter, especially as the plaintiffs were not named in the warrant, or parties in any manner to the proceedings. Const. of Maine, Art. I, § § 5, 6; Com. Dig., title Trespass, (C. 2); 25 Maine, 76; 14 Maine, 44; *Barton* v. *Wilkinson,* 18 Verm. (3 Washb.) 186; U. S. Annual Dig. for 1847, vol. 1, title Sheriff, V; 3 Bos. & Pul. 222; Archb. Crim. Practice and Pleading, vol. 2, p. 245, note; 1 Gray, 6.

4. The manner in which the defendants opened the door of the depot was a breaking in law. 4 Black. Com. 227; Archb. Crim. Prac. & Plead. vol. 2, p. 330; Davis' Crim. Jus. 357; *Rex* v. *Robinson*, 1 Moody's C. C. 327.

5. Trespass lies against the aid as well as the officer. Com. Dig. title Trespass, (C. 1); Phillips Ev., vol. 5, c. 14, § 1; U. S. Annual Dig. for 1848, vol. 2, title Trespass, IV.

6. It is the province of the jury to settle the amount of damages according to the natural and proximate consequences of the acts complained of. 2 Greenl. Ev. § 263; 25 Maine, 176.

Goodenow, J.—This is an action of trespass *quare clausum* against Richards, who relies upon a justification under legal process, as constable of the town of East Livermore; and against Millett, who justifies as the aid of Richards.

There are no exceptions on the part of the plaintiffs to the ruling of the presiding Judge in admitting the records of the town as amended, to prove the election of Richards as constable; or to the sufficiency of the process under which he acted, in entering the depot of the plaintiffs and seizing the liquors named in the writ.

The Judge substantially instructed the jury, that the defendants, although they had a warrant to them directed to search the depot of the plaintiffs, had no right with force to break it open and enter it, and carry away the liquors in the absence of the person having charge or care of the depot, unless they had obtained or asked permission to enter and search it, and the same had been refused. There is a qualification in the first part of the instructions, to wit, "unless such forcible entry was necessary to enable them to execute the warrant," but in the latter part, the instructions are without qualification. The Judge said "he had no hesitation in instructing the jury, that if the defendants broke and entered the depot after it had been closed and fastened for the night and left by the depot-master, without any notice or request to him, or to some person having the care of it, and took

the liquors sued for therefrom, that such proceeding was wholly unjustifiable, and that the search warrant, under which they professed to act, afforded them no protection, and that a search commenced and conducted under such circumstances was unreasonable and illegal.

It was proved by the plaintiffs, that, after the depot-master had left the depot for the night and just before sun-down, the defendants went to the depot with a cart and oxen; that they, finding it fastened, run a bar of iron through a hole in the window pane and removed the hasp of the outer door by which it was fastened, opened the door, went in and removed the liquor and carried it away.

The defendants were acting under a warrant duly issued by a competent magistrate, commanding them, in the usual form, to search said depot and freight house for said liquor, and seize the same, and have it to await the order of the Court. This was a criminal prosecution. It was not a dwellinghouse which was to be searched. The search was to be made forthwith in the day time. It was not a case where the officer had made the complaint and procured the process by his own oath. There was no person in the depot, or around it, at the time of its entry by the officer, from whom he could have demanded admission. These are circumstances which distinguish it essentially from the cases cited by the counsel for the plaintiffs.

The case of *Ratcliffe* v. *Burton,* 3 Bos. & Pul. 222, was one where the justification was attempted under a civil process.

Lord ALVANLEY, C. J., said, " I desire to be considered as confining these observations to the case of civil process only, without in any degree extending them to the case of criminal process."

ROOKE, J., makes the same limitation to his remarks. It is laid down in 2 Hale, P. C. 151, that " upon a search for stolen goods, if the goods be not in the house, yet the officer is excused, because he searcheth by the warrant," but it seems the party that made the suggestion is punishable in such case;

" for as to him, the breaking of the door is *in eventu* lawful or unlawful, viz., lawful if the goods are there, unlawful if not there."

We are of opinion that the instructions of the presiding Judge, as above stated, were erroneous.

The case finds that the casks and vessels in which said liquors were contained were not " plainly and conspicuously marked with the name of the town, *and of its agent*," and were therefore not protected against seizure and forfeiture; and for this reason, we are of opinion the Judge erred in his instructions to the jury as to the measure of damages.

*Exceptions sustained;—Verdict set aside;—*
*and new trial granted.*

TENNEY, C. J., and RICE, HATHAWAY, and CUTTING, J. J., concurred.