COLLINS *v.* STATE.

(*Nashville,* December Term, 1946.)

Opinion filed February 1, 1947.

HUGH HAILEY, of Carthage, for plaintiff in error.

ALLISON B. HUMPHREYS, JR., Assistant Attorney General, for the State.

Mʀ. Jᴜsᴛɪᴄᴇ Cʜᴀᴍʙʟɪss delivered the opinion of the Court.

■ ■ This appeal is from a conviction of possessing liquor, a fine of $200 and ninety days' imprisonment. Three officers visited the residence of plaintiff in error armed with a search warrant and, finding no person on the premises, "pushed the kitchen door open" and entering found 64 pints of bottled in bond whisky in a closet opening from the dining room, which they seized. The proof developed that defendant Collins rented and occupied four or five of the rooms in this large frame house, described in the warrant and which the officers were instructed to search, two or three other rooms being reserved by the lady owner "to keep her furniture in." However, the evidence as a whole clearly sustains the contention of the State that the liquor was found in that part of the premises in the sole possession and control of the defendant Collins. This being established, the trial judge correctly charged the jury that a legal presumption of possession of the whisky applied to Collins, as head of the house. The verdict of guilty is thus sustained and the assignment challenging the evidence is overruled.

However, two objections are presented to the search warrant, both of which were overruled by the trial judge on a preliminary hearing apart from the jury. The first is that while the affidavit is dated "this the 13th day of July 1946," and the warrant issued thereon and which refers thereto, is also so dated, on the back of the warrant, where the style of the case appears, the date is "this 12th day of July," the day before the affidavit was made and the warrant signed. The trial judge was of opinion that this was manifestly a clerical error, and not a material matter.

██ ██ An examination of the original instrument, sent up with the record, shows that "12" instead of "13" was first inserted by a machine in the spaces provided for all these dates, but lines were later run thru the "2" and "3" substituted on the affidavit and on the face of the search warrant where it is signed by the Justice of the Peace. Quite apparently the failure to carry this correction over to the back was an omission by oversight. No element of prejudice to the defendant inheres. Moreover, as suggested by the Assistant Attorney General, the statutes dealing with the issuance of such warrants provide no form for this endorsement on the back of the warrant, and it may be disregarded as surplusage. As we have said before, the Courts will not permit such technical objections to prevail and defeat justice. See *Bradford.* v. *State,* 174 Tenn. 526, at page 528, 128 S. W. (2d) 627. The holding in *Harvey* v. *State,* 166 Tenn. 227, 60 S. W. (2d) 420, cited for plaintiff in error, is not in point. That was an irreconcilable variance between the date of the affidavit and the warrant itself; not, as here, between the affidavit and warrant, on the one hand, and a nonessential notation on the back of the instrument largely for filing purposes.

██ The second objection to the warrant challenges the description on the theory that this defendant did not rent and occupy all of this large house, that there was a joint occupancy. We quote the description from the warrant: "The premises and buildings to be searched are described as follows: Large frame dwelling house and outhouses, occupied or in possession of Bill Collins and Asa Kemp, located in the 5th civil district," etc. The proof showed that Kemp had no right of occupancy of this dwelling house where the liquor was found; he operated the adjacent farm lands. We find nothing here of

which the defendant can justly complain. The description quite definitely points out the premises to be searched and it would have been good under our holdings if no name at all had been inserted. *Seals* v. *State*, 157 Tenn. 538, 11 S. W. (2d) 879. Certainly, the validity of the warrant was not destroyed by the inclusion of the name of another, not in fact an occupant, along with that of the true occupant. The definiteness of the designation of the premises to be searched was in no degree affected.

By another assignment complaint is made of the refusal of the trial judge to quash the warrant and suppress the evidence obtained by the search because the officers, finding no one in charge, proceeded to execute the warrant by "pushing open" or forcing a rear door and entering. It is complained that no notice was given the defendant and no demand made on him for permission to enter and that these are prerequisite of the right conferred by statute to enter forcibly. Counsel rely on the language of our statute. Code Section 11904, reading: "To execute the warrant, the officer may break open any door or window of a house, or any part of a house, or anything therein, if, after notice of his authority and purpose, he is refused admittance."

The argument seems to be that because this statute provides for notice and refusal before forcible entry, under the circumstances dealt with, such notice must precede a forcible entry under all circumstances.

■■ This complaint of the conduct of the officers in executing the warrant may not be properly directed to the validity of the warrant on a motion to quash that instrument. The rule which excludes evidence obtained by a search without a warrant, or under an invalid warrant, has not been extended, so far as we are advised, to cases of misconduct of officers in executing a valid warrant,

such as unnecessary damage to the premises or property of the defendant, or a forcible entry of the premises, when unauthorized by law. The remedy in such cases would appear to be an action against the officer and on his bond. But we do not concede that the officers, under the circumstances of the instant case, acted unlawfully in forcing entrance to this house they had been directed to search. Surely one may not unlawfully store in his house a quantity of intoxicating liquor, or stolen goods, and lock or bar the doors, and conceal himself within, or absent himself from the house, as here, so he cannot be reached to serve papers on him, and thus prevent seizure of this property by the law. This Court has no reported case dealing directly with the right of officers to enter forcibly under such circumstances, but we are cited for the State to an Alabama holding much in point, *Jones* v. *State,* 4 Ala. App. 159, 58 So. 1011, 1012, which considers a statutory provision similar to ours. We quote from that opinion, with approval, as follows: ''The evidence showed that the writ was executed in the daytime, by forcing an entrance through a window into the house mentioned, when it was unoccupied by its proprietor or any other person. The authority conferred on the officer, by section 7765 of the Code [Code 1940, Tit. 15, sec. 108] 'to break open any door or window of a house, or any part of a house, or anything therein, if, after notice of his authority and purpose, he is refused admittance,' is not to be construed as prohibiting the forcing of an entrance into a house ordered to be searched, which, at the time of the execution of the writ, is not occupied by any human being, or as requiring the officer to give notice of his authority and purpose, when there is no one about the premises to receive such notice, or to permit or refuse admittance. Obedience to this provision prevents an unnecessary use

of force, if there is some one present to whom the officer may give notice of his authority and purpose, and who may permit admittance to the house or place to be searched."

Moreover, it is the general rule that officers may enter a dwelling forcibly in the day time to execute a search warrant, and, "no demand is necessary prior to a breaking in of the doors except where some person is found in charge of. the building to be searched." 47 Am. Jur. 526, citing *Goodman* v. *State*, 178 Md. 1, 11 A. (2d) 635, which holds, citing 24 R. C. L., 708, that "A demand is necessary prior to the breaking in of the doors only where some person is found in charge of the building to be searched." And see, to the same effect. *Androscoggin R. Co.* v. *Richards*, 41 Me. 233. This assignment is overruled.

Finally, error is assigned to this language of the charge used in connection with the Court's statement of plaintiff in error's theory of defense: "And he bases a part of his defense upon some legal questions and matters concerning the admissibility of evidence, over which the jury has no control or jurisdiction," referring evidently to objections to the search warrant, properly for the Court only. We find no basis for complaint of this language as prejudicial. This matter has been fully dealt with on the brief of counsel for the State, and this opinion will not be further extended by a discussion of this assignment, which is overruled.

Affirmed.