UNITED STATES of America

v.

Hobart Lee HAWKINS.

Cr. A. No. 17177.

United States District Court
E. D. Tennessee, N. D.

June 2, 1965.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff.

William E. Badgett, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, Chief Judge.

This case is before the Court on defendant's motion filed on May 25, 1965 to suppress the evidence obtained by the officers when armed with a search warrant they searched the defendant's premises on January 16, 1965. The sole ground of the motion is that the search warrant was issued by the United States Commissioner without probable cause for believing the existence of the grounds upon which the warrant was issued.

Defendant moved the Court here today to amend his motion so as to aver that the federal officers in executing the search warrant acted in an unreasonable manner and in violation of the defendant's rights under the Fourth and Fifth Amendments and in violation of Title 18, Section 3109, U.S.C., which provides as follows:

> "The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant."

This motion to amend came during the trial and although presented in written form, Mr. Badgett, representing the defendant, must have intended to make it as he came to court else he would not have had it in typewritten form. Although it comes late, the Court is constrained to allow it.

The District Attorney in the argument stated that he never had any notice of any legal question involved except the one stated in the motion, to-wit, that the search was issued without probable cause.

The record shows that the A.T.U. officers, including Mr. McKnight, were in the Hopewell section of Monroe County where the defendant lived on January 8, 1965 making an investigation with respect to moonshine whiskey. During that investigation they went into the area where defendant lived and while walking within 75 feet of the defendant's residence they smelled the odor of moonshine whiskey.

Mr. McKnight stated that he was in the fields which were separated by at least one fence on one side of the residence and that while traveling in these fields he and the other officers smelled the odor of this moonshine whiskey, that the fence was between the fields and the residence of the defendant, that the fence was presumably to keep out stock from the yard or curtilage of the defendant, that he did not enter the yard of the defendant on the occasion that he made the survey and that he intended to and did in his opinion stay outside of the curtilage of the defendant.

In the opinion of the Court, and the Court finds as a fact, that the officers did not enter his curtilage and procure evidence preparatory to making the affidavit for the search warrant. If the officers had entered the curtilage of the defendant on January 8, 1965 and procured evidence at that time involving the defendant in illegal whiskey business, such evidence would not be competent in this Court as it would have been procured in violation of the rights of the defendant under the Fourth and Fifth Amendment of the Constitution. The Court concludes that the acts above recounted did not violate the Constitutional rights of defendant.

The next question for consideration, and the primary one as set forth in the motion, is whether there was probable cause for Emily G. Wright, the United States Commissioner, to issue the warrant. The warrant was issued on the affidavit of John M. McKnight which, among other things, stated that "he (affiant) has reason to believe that on the premises known as Premises of Hobart Hawkins, R.F.D. 4, Madisonville, Tennessee, located in Monroe County, Tenn. being more particularly described as follows:" (Then the premises of the defendant are described in detail in a manner that a disinterested person could take the description and find this home.)

The affidavit stated further that, "And that the facts tending to establish the foregoing grounds for issuance of the Search Warrant are as follows: I have been an investigator with the Alcohol and Tobacco Tax Division for more than ten years. On January 8, 1965, I received information from a reliable citizen informant that an unregistered distillery was located on the premises of Hobart Hawkins. Hobart Hawkins has a record and reputation for violation of Internal Revenue Laws. On January 15, 1965, accompanied by Monroe Co. Deputy Sheriff, Herbert Gardner, from a position in a field near the premises of Hobart Hawkins, I smelled the odor of fermenting mash coming from the direction of the premises. I have smelled the odor of fermenting mash many times in the past and am thoroughly familiar with it. Deputy Gardner stated at that time that he also smelled the odor of fermenting mash coming from the premises."

Thus the affiant stated to the Commissioner that he had been near the premises of the defendant and while in the area near the premises had smelled fermenting mash, that as an experienced officer he was familiar with the smell of mash, that mash has a distinctive odor and that this smell was coming from the building that was occupied by the defendant as a residence; that in addition to this evidence he had received information that he considered reliable that the defendant was operating an unregistered still on his premises.

The most recent case which this Court has knowledge of that was decided by the Supreme Court of the United States is that of United States v. Ventresca, 85 S. Ct. 741, a decision rendered March 1, 1965. In that case the question of probable cause for the issuance of a warrant by the Commissioner was one of the primary issues involved, and the Court said, among other things:

"While a warrant may issue only upon a finding of 'probable cause,' this Court has long held that 'the term "probable cause" means less than evidence which would justify condemnation,' Locke v. United States, 7 Cranch 339, 348 [3 L.Ed. 364], and that a finding of 'probable cause' may rest upon evidence which is not legally competent in a criminal trial. Draper v. United States, 358 U.S. 307, 311 [79 S.Ct. 329, 332, 3 L.Ed.2d 327]. As the Court stated in Brinegar v. United States, 338 U. S. 160, 173 [69 S.Ct. 1302, 1309, 93 L.Ed. 1879], 'There is a large difference between the two things to be proved [guilt and probable cause], as well as between the tribunals which determine them, and therefore a like difference in the quanta and modes of proof required to establish them.' Thus hearsay may be the basis for issuance of the warrant 'so long as there * * * [is] a substantial basis for crediting the hearsay.' Jones v. United States, supra, 362 U.S. 257 at 272 [80 S.Ct. at 736, 4 L.Ed.2d 697]. And, in Aguilar we recognized that 'an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant,' so long as the magistrate is 'informed of some of the underlying circumstances' supporting the affiant's conclusions and his belief that any informant involved 'whose identity need not be disclosed * * was "credible" or his information "reliable." ' Aguilar v. State of

Texas, supra, 378 U.S., at 114 [84 S.Ct. at 1514, 12 L.Ed.2d 723]."

On this odor question the Court said, among other things:

" * * * The affidavit went on to state that at about 4 a. m. on August 18, and at about 4 a. m. on August 30, 'Investigators' smelled the odor of fermenting mash as they walked along the sidewalk in front of Ventresca's house. On August 18 they heard, '[a]t or about the same time, * * * certain metallic noises.' On August 30, the day before the warrant was applied for, they heard (as they smelled the mash) 'sounds similar to that of a motor or a pump coming from the direction of' Ventresca's house. The affidavit concluded: 'The foregoing information is based upon personal knowledge and information which has been obtained from Investigators of the Alcohol and Tobacco Tax Division, Internal Revenue Service, who have been assigned to this investigation.' "

The Supreme Court in its opinion in the Ventresca case held that the smelling of mash was very important evidence in search and seizure cases relating to illicit or moonshine whiskey, and reversed the Court of Appeals and sustained the trial court in holding that the search was legal.

■ In the opinion of this Court there was sufficient evidence before the Commissioner to show probable cause that a moonshine still was located in the home of the defendant.

Finally, as previously indicated, the defendant asserts that the officers violated his rights in going into the home in his absence. The defendant says that the officers violated Title 18, U.S.C. Section 3109. The Court, during the argument, made inquiry of counsel for the defendant and counsel for the Government if they had any case dealing with the question of whether the officers armed with a proper search warrant could enter a residence in the absence of the occupier of the residence without violating the constitutional rights of the owner of the residence. The reply was in the negative. Mr. Badgett cited the case of United States v. Mullin, (C.A. 4), 329 F.2d 295. In that case, the officers appeared to have broken into the smokehouse of the accused when the accused and his wife were present in their residence at the time the search was made.

In the opinion of the Court the facts in that case may be distinguished from the facts in the present case. In that case the officers were derelict in failing to ask the owner of the property for his keys to the smokehouse before entering instead of breaking the lock on the smokehouse. In this case it would have been an empty gesture for the officers to have announced to an empty house that they were officers and that they were present for the purpose of executing a search warrant. In the opinion of the Court this statute is not applicable to the situation in the present case. People v. Johnson, Gen.Sess., 231 N.Y.S.2d 689 (1962).

■ In the opinion of the Court, and the Court finds, that the search was a legal one and the motion to suppress is denied. Collins v. State, 184 Tenn. 356, 199 S.W.2d 96.

The Tennessee statute is somewhat similar to the Federal statute, the wording of the Tennessee statute being:

"*Authority to break in.*—To execute the warrant, the officer may break open any door or window of a house, or any part of a house, or anything therein, if after notice of his authority and purpose, he is refused admittance." Section 40–509, T.C.A.

See also 79 C.J.S. Searches and Seizures § 83, page 906, which states, in substance, that an officer may enter the house "without first demanding admittance, where the house is at the time unoccupied."

During the rendering of this opinion from the bench, the Court inquired of Officer McKnight whether the Court's

understanding was correct that Officer McKnight believed from the circumstances then existing that no one was present in the house before he disconnected the lock to enter the house, and Mr. McKnight replied in the affirmative that the Court's understanding was correct.