# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### APRIL 2000 SESSION

## STATE OF TENNESSEE v. BARBARA FAYE POWELL, ET AL

### Direct Appeal from The Humboldt Law Court of Gibson County
### No. H-6680, Dick Jerman, Jr., Trial Judge

---

### No. W1999-01825-CCA-R3-CD - Decided May 11, 2000

---

The appellants, Powell and Cain, pled guilty to misdemeanor drug offenses each reserving the right to appeal as a certified question of law the admissibility of the evidence seized. The appellants contend that the erroneous date entered on the search warrant by the issuing judge invalidated the warrant and the resulting search. We conclude that the error complained of does not fall within those errors or omissions enumerated within Tenn. R. Crim. P. 41(c), which would render the search and seizure illegal. Rather, we find the error a clerical error which does not serve to invalidate the warrant. The judgments of conviction are affirmed.

**T.R.A.P. 3(b) Appeal as of Right; Judgment of The Humboldt Law Court of Gibson County is affirmed**.

JUDGE DAVID G. HAYES delivered the opinion of the court, in which JUDGE DAVID H. WELLES and JUDGE ALAN E. GLENN joined.

Jason C. Scott, Milan, Tennessee, for the appellants, Barbara Faye Powell and Elizabeth Shereece Cain.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Patricia C. Kussmann, Assistant Attorney General, Clayburn Peeples, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The appellant, Barbara Faye Powell, pled guilty to one count of misdemeanor possession of cocaine and one count of possession of drug paraphernalia.[1] The appellant Elizabeth Shereece Cain pled guilty to misdemeanor possession of marijuana. The Humboldt Law Court of Gibson County

---

[1]Appellant Powell was originally charged with possession of cocaine over .5 grams, a class B felony.

accepted the pleas subject to a certified question of law on the validity of the search warrant.[2] See Tenn. R. Crim. P. 37(b)(2)(i).  Appellant Powell was ordered to serve  two consecutive sentences of 11 months, twenty days, suspended after six months; Appellant Cain was sentenced to eleven months, twenty-nine days with all but fifteen days suspended.  The appellants now appeal challenging the validity of the search warrant upon grounds that the issuing judge executed the wrong date on the warrant.  Accordingly, they assert that, due to the invalid warrant, the items seized as a result of the search should have been suppressed.

After review, we affirm.

## Background

Information was received by a confidential informant that the appellant, Barbara Powell, was in possession of crack cocaine in her residence at 1101 Patton Street.  Additionally, law enforcement officers had been informed from numerous concerned citizens in the area "about possible drug dealing going on at 1101 Patton St[reet]."  Independent police investigation of the 1101 Patton Street residence revealed "traffic that is typical of drug transactions at this location," thus, independently corroborating the information received from both the confidential informant and citizen informants.  Based upon this information, officers obtained a search warrant for the premises.  On April 17, 1998, Humboldt police officers executed the search warrant at the residence located at 1101 Patton Street.  Officer Lewis recovered approximately 1.8 grams of crack cocaine and a small bag of marijuana, approximately 5.7 grams.  The search also yielded $126. 25 in cash, three pager mart pagers, codeine tablets, pill bottles, rolling papers, a hatchet, and a .25 caliber Raven hand gun.

A motion to suppress this evidence was filed by the appellants alleging that the search warrant was improperly issued.  The factual sufficiency for issuance of the warrant is not contested.  In challenging the warrant's validity, the appellants allege that:

> [t]he original warrant has the typed date of April 17th, 1998, but the Judge wrote that it was issued "4-16-98" at 2:35 p.m.  . . . The copy of the search warrant retained by the Judge contained the same information. . . . The original Affidavit on the basis of which the warrant was issued shows that it was sworn to on April 17, 1998. . . . However, the copy of the Affidavit that was retained by the Judge shows that it was sworn to on April 16, 1998. . . .
>
> Given the inconsistencies regarding the date of issuance of the warrant and the date of the Affidavit being sworn to as evidenced on the face of the documents

---

[2]The validity of the search warrant and evidence flowing from the resulting search sought to be suppressed by the appellants is a dispositive issue in this case due to the lack of other sufficient evidence connecting the appellants with the commission of the offense.

themselves, the search warrant was improperly issued and executed as it failed to comply with the requirements of Tennessee Rule of Criminal Procedure 41(c), and that makes the search illegal.

A hearing on the motion was held during which Humboldt Police Officer Lewis testified regarding the issuance of the search warrant. Officer Lewis testified that he was the affiant and that he took the warrant to the General Sessions Judge. "[Judge Agee] signed the warrant on the day it was issued, but it's the wrong date here." Lewis explained:

These [the affidavit and the warrant] were signed at his house. If you notice the typed date, I typed the dates in before I went over and then I went directly to his residence and he signed them. This was typed out the 17th of April, 1998. Judge Agee signed them at his home, which was it was his new house. He was in the process of building it at the time. 4-16-98 at 2:35 P.M. The time will be correct. The date should be the 17th instead of the 16th.

Officer Lewis concluded that the date of April 16th was merely a clerical error on behalf of the judge. Without articulating its findings on the record, the trial court denied the motion to suppress.

**Analysis**

The appellants contend that the requirements of Rule 41(c) are to be strictly construed and any variance from the technical requirements invalidates the search. Specifically, the appellants contend:

In this case the face of the warrant itself is ambiguous in that it contains both the date of April 16, 1998 and the date of April 17, 1998. It is therefore invalid on its face as it does not comply with the requirements of Rule 41(c) in that the date of issuance is not properly listed. Moreover, there is a variance between the date on the original affidavit and the date on the copy that was retained by the Judge. One is dated April 16, 1998 and one is dated April 17, 1998.

In reviewing the trial court's denial of a motion to suppress, this court is bound by the trial court's findings of fact unless the evidence preponderates otherwise. See State v. Crutcher, 989 S.W.2d 295, 299 (Tenn. 1999) (citing State v. Odom, 928 S.W.2d 18, 22- 23 (Tenn. 1996)). Notwithstanding, the application of the law to the facts is a question of law which this court reviews *de novo*. Crutcher, 989 S.W.2d at 299 (citing State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997); Odom, 928 S.W.2d at 23). In the present case, as the facts are undisputed, the trial court's failure to provide any findings of fact or conclusions of law is immaterial to our review as the only question before this court is a question of law. That is, the only issue before this court is whether the discrepancy between the handwritten date endorsed by the judge and the date provided by Officer Lewis violates the provisions of Tenn. R. Crim. P. 41(c), thereby invalidating the warrant and the resulting search.

Tenn. R. Crim. P. 41(c) provides the technical requirements necessary to validate a search warrant. Specifically, the rule provides, relevant to the issue herein:

> The magistrate shall prepare an original and two exact copies of the search warrant, one of which shall be kept by the magistrate as a part of his or her official records, and one of which shall be left with the person or persons on whom the search warrant is served. The magistrate shall endorse upon the search warrant the hour, date, and name of the officer to whom the warrant was delivered for execution; and the exact copy of the search warrant and the endorsement thereon shall be admissible evidence. Failure of the magistrate to make said original and two copies of the search warrant or failure to endorse thereon the date and time of issuance and the name of the officer to whom issued, or the failure of the serving officer where possible to leave a copy with the person or persons on whom the search warrant is being served, shall make any search conducted under said search warrant an illegal search and any seizure thereunder an illegal seizure.

Tenn. R. Crim. P. 41(c).

Rule 41 expressly provides that an **omission** from the technical requirements results in an illegal search. The present case does not involve an omission, but rather a clerical error. Clerical errors made without prejudice to the defendant, will not invalidate an otherwise valid search warrant.[3] See Collins v. State, 199 S.W.2d 96, 97 (Tenn. 1947) ("the Courts will not permit such technical objections to prevail and defeat justice") (citation omitted). See also State v. Johnny Lay, No. 03C01-9306-CR-00174 (Tenn. Crim. App. at Knoxville, Jan. 21, 1994) (where conflicting dates in warrant are clearly clerical error resulting search is valid); State v. Ralph Teague, No. 03C01-9203-CR-93 (Tenn. Crim. App. at Knoxville, Nov. 13, 1992) (where conflicting dates in affidavit and warrant was clerical error on part of affiant warrant not invalid). Officer Lewis' testimony supports the conclusion that the handwritten date of April 16, 1998, was the result of a clerical error by the judge. No prejudice enured to either appellant as a result of the clerical error. Accordingly, the incorrect date inscribed by the judge does not void the search warrant and the trial court correctly concluded that the warrant was valid. This issue is without merit.

The judgments of conviction are affirmed.

Judge David G. Hayes
Judge David H. Welles
Judge Alan E. Glenn

---

[3] See, e.g., United States v. McKenzie, 446 F.2d 949 (6th Cir. 1971) (supporting affidavit dated one day later than search warrant did not invalidate warrant where evidence showed discrepancy was result of typing error); State ex rel Collins v. Superior Court of Arizona, In and For Maricopa County, 629 P.2d 992 (Ariz. 1981) (where search warrant affidavit contains two conflicting dates, typographical error as to one of the dates does not render search warrant defective); State v. Lewis Franklin Honzu, No. 94APA07-1011 (Ohio Ct. App. Franklin County, filed June 1, 1995) (handwritten date by judge different from stamped date on warrant result of clerical error).