IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
December 16, 2003 Session

## STATE OF TENNESSEE v. JIMMY DAVID McELROY

**Direct Appeal from the Criminal Court for McMinn County**
**Nos. 01-554, 01-555, 01-556     R. Steven Bebb, Judge**

**No. E2003-00943-CCA-R9-CD**
**January 20, 2004**

The state in this interlocutory appeal challenges the McMinn County trial court's order granting the defendant's motion to suppress evidence seized pursuant to a search warrant. In suppressing the evidence, the trial court found the informant's information in the affidavit referred to a different property location than the property authorized to be searched; therefore, the trial court found a lack of probable cause for the issuance of the search warrant. Upon review of the record and the applicable law, we affirm the trial court's order granting the motion to suppress.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Jerry N. Estes, District Attorney General; and Charles W. Pope, Jr., Assistant District Attorney General, for the appellant, State of Tennessee.

Charles C. Burks, Jr., Knoxville, Tennessee, for the appellee, Jimmy David McElroy.

## OPINION

The defendant was charged with possession of methamphetamine with intent to sell, a Class C felony; possession of more than ten pounds of marijuana with intent to sell, a Class D felony; and possession of drug paraphernalia, a Class A misdemeanor. *See* Tenn. Code Ann. §§ 39-17-417(c)(2) (methamphetamine), -417(g)(2) (marijuana), -425(a) (drug paraphernalia). The defendant subsequently filed a motion to suppress evidence seized pursuant to an invalid search warrant, and, following a hearing, the trial court granted the motion. The trial court and this court granted the state's application for interlocutory review. *See* Tenn. R. App. P. 9.

## I. SEARCH WARRANT AND AFFIDAVIT

On December 18, 2000, Detective Ben Graves of the McMinn County Sheriff's Department submitted an affidavit in support of a search warrant in which he represented that:

there is probable cause to believe that Jimmy David McElroy, a convicted felon, is in possession of marijuana for personal use and for resale. He is conducting these activities in exchange for monies and property in trade to include weapons at his residence located at <u>317 Co Rd 356</u>, in the County of McMinn, State of Tennessee, and further described on page (4) four of this affidavit. Jimmy David McElroy is also the owner of a vehicle repair shop located approximately 1/8th of a mile east from his residence, and further described on page (5) five of this affidavit. This business is occupied by an employee of Jimmy David McElroy's identified as Tony Eugene Youngblood. Tony Eugene Youngblood has been present during transactions and has knowledge of the illegal activities listed. Your affiant says there is probable and reasonable cause to believe the said properties and assorted vehicles located at these locations are used for storage and transportation of the marijuana.
. . .

On 12/18/00, this affiant received information from a confidential informant stating that he/she has been in the residence of Jimmy David McElroy, located <u>off of Co Rd #317</u>, and further described on page (4) four of this affidavit, within seventy two hours of 12/18/00 and has observed Jimmy David McElroy in possession of marijuana. The marijuana is packaged in plastic containers for resale to individuals. This informant has furnished information in the past that has led to the arrest and conviction of at least (3) three drug offenders involved in the sale and use of illegal drugs and led to the seizure of (2) two kilos of cocaine. Upon investigation of these subjects it is believed by this affiant that this information to be [sic] true and accurate. . . .

Wherefore, as such agent and officer, acting in the performance of my duty, I pray the Court is[s]ue a warrant authorizing a search of the properties of Jimmy David McElroy, located on <u>Co Rd 317</u>, and further described on page(s) (4) four and (5) five of this affidavit, for marijuana.

(Emphasis added). A photograph of both the defendant's garage and residence, a photograph of his residence, and a photograph of his garage appear on pages four and five of the affidavit.

A search warrant was subsequently issued authorizing a search of the house or buildings and the vehicles on the defendant's premises in McMinn County and "[f]urther [d]escribed on pages 4 & 5 of the [a]ffidavit 317 Co. Rd. 356, McMinn County, State of Tennessee."

## II. TRIAL COURT'S FINDINGS

No testimony was presented at the suppression hearing. In its written order granting the defendant's motion to suppress, the trial court found the affidavit lacked probable cause for the issuance of a search warrant at 317 County Road 356. The court noted the informant indicated he observed the drugs "off Co Rd 317," whereas the defendant's residence at the time the search

warrant was issued was "box 317 Co Rd 356, in the County of McMinn, State of Tennessee." The trial court further wrote:

> The Court was presented with the question of whether the information on its face provided probable cause for the issuance of the search warrant. To overcome this incorrect information the Court would have to surmise: (1) the informant said Co. Rd. 317 as set forth in the affidavit; or, (2) the informant said Co. Rd. 356 and the affiant transcribed it incorrectly; or, (3) the informant did not say either and the affiant interjected this information in the affidavit attributing it to the informant. While this Court could try to assume that the error was clerical, the Court can look only to the information supplied by the affiant (representing it to be the words of the informant) to determine if it meets the standard set forth in the case law and the Constitution of the State of Tennessee. This Court can not and will not make that assumption in order to overcome the apparent lack of probable cause shown of [sic] this affidavit.

## III. STANDARD OF REVIEW

The findings of fact made by the trial court at the hearing on a motion to suppress are binding upon this court unless the evidence contained in the record preponderates against them. State v. Ross, 49 S.W.3d 833, 839 (Tenn. 2001). However, the application of the law to the facts found by the trial court are questions of law that this court reviews *de novo*. State v. Daniel, 12 S.W.3d 420, 423 (Tenn. 2000). Here, the facts are undisputed, and the issue presented is purely a question of law; thus, our review is *de novo*.

## IV. VALIDITY OF SEARCH WARRANT

The state contends the portion of the affidavit referencing the defendant's address on County Road 317 was a clerical or typographical error which did not invalidate the search warrant. Based upon the limited record before us, we are unable to reach this conclusion.

### A. Requirements of a Search Warrant

The Fourth Amendment warrant requirement demands that a probable cause determination be made by a neutral and detached magistrate. State v. Valentine, 911 S.W.2d 328, 330 (Tenn. 1995); State v. Jacumin, 778 S.W.2d 430, 431 (Tenn. 1989); State v. Moon, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992). Probable cause "exists when facts and circumstances demonstrated by an underlying affidavit are sufficient in themselves to warrant a person of reasonable caution to believe that certain items are the fruits of illegal activity and are to be found at a certain place." State v. Norris, 47 S.W.3d 457, 468 (Tenn. Crim. App. 2000). If probable cause is absent, the magistrate is not empowered to issue a warrant. When reviewing the issuance of a search warrant, this court must determine whether the magistrate had a substantial basis for concluding that a search warrant would uncover evidence of wrongdoing. Jacumin, 778 S.W.2d at 432. The magistrate's judgment is entitled to great deference on appeal. *Id.* at 431-32.

The issue in this case is a narrow one; namely, whether the informant's alleged reference in the affidavit to observing drugs at the defendant's residence "off Co Rd #317" was insufficient to establish probable cause for the search of the defendant's residence at "317 Co Rd 356." The issue is not whether the search warrant authorization sufficiently described the place to be searched. *See, e.g.,* State v. Smith, 868 S.W.2d 561, 572 (Tenn. 1993). Although the authorization to search "317 Co Rd 356" was a sufficient description, that is not the issue.

## B. Analysis

Initially, we note the issuance of this search warrant was dependent upon the information furnished by the informant as set out in the officer's affidavit. *See* Moon, 841 S.W.2d at 338. Absent this information, the officer's affidavit was patently insufficient to establish probable cause to search the defendant's residence at 317 County Road 356.

Unquestionably, clerical or typographical errors will not invalidate an otherwise valid search warrant absent a showing of prejudice to the defendant. Collins v. State, 184 Tenn. 356, 199 S.W.2d 96, 97 (1947) (holding conflict in dates of affidavit, warrant, and filing notation did not invalidate warrant); State v. Barbara Faye Powell, et al., No. W1999-01825-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 385, at **8-9 (Tenn. Crim. App. May 11, 2000) (holding conflicting dates in affidavit and warrant did not invalidate warrant); *see also* United States v. Jones, 208 F.3d 603, 608 (7th Cir. 2000) (holding minor conflicts in the addresses in affidavit and search warrant were not fatal to warrant under the circumstances); Wangrow v. United States, 399 F.2d 106, 115 (8th Cir.) (same), *cert. denied*, 393 U.S. 933 (1968); Champion v. State, 919 S.W.2d 816, 818 (Tex. App. 1996) (same). In the case at bar, the conflicts concerned the property location and were not minor because two separate roads were mentioned. Furthermore, although the reference to County Road 317 may well have been a clerical or typographical error, the state has utterly failed to establish such an error. At the hearing on the motion to suppress, the state presented no testimony;[1] thus, just as the trial court, we too are unable to assume that this was a clerical transcription error.[2]

We are, therefore, left with the informant's statement that he/she observed the drugs off County Road 317, not County Road 356. Although Detective Graves states in the first part of the affidavit that the defendant resides at 317 County Road 356, this is inconsistent with the informant's statement. Furthermore, there is no attempt in the affidavit to explain the discrepancy. We also note that Detective Graves in the latter part of the affidavit states the defendant's property is on "Co Rd 317," which is inconsistent with his earlier statement but consistent with the informant's statement. Although the informant's information was that the residence was located off County Road 317 "and

---

[1] The transcript of the motion hearing reflects there was an earlier hearing which was "continued . . . to see if [the state] had any more law. . . ." There is no written transcript of the earlier hearing in the record. In the event there was testimony at the earlier hearing, it was the state's responsibility, as the appellant, to provide a record on appeal which conveys a fair and complete account of what transpired. Tenn. R. App. P. 24(b); State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999).

[2] It is possible there is no County Road 317 in McMinn County; however, in the absence of testimony, we are unable to make this assumption.

further described on page (4) four of this affidavit," we are unable to conclude, based upon the affidavit, that the informant actually saw and identified the attached photographs on page 4.

In summary, the state has failed to establish that the informant allegedly saw the drugs at 317 County Road 356 and has failed to establish the affidavit contained a clerical error. Thus, we must assume the informant's reference was to County Road 317. The information furnished by the informant as set forth in the officer's affidavit was insufficient to establish probable cause for the search on County Road 356.

Accordingly, we affirm the judgment of the trial court.

_____

JOE G. RILEY, JUDGE