Danya Joyce KEITH and Robert Taylor Bolden, Appellants,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

July 22, 1976.

Certiorari Denied as to Keith by Supreme Court Oct. 12, 1976.

Brett B. Stein, Memphis, for Keith.

Jay Fred Friedman, Memphis, for Bolden.

R. A. Ashley, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, William E. Frulla, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

WALKER, Presiding Judge.

In a two-stage trial, the jury found the appellants, Danya Joyce Keith and Robert Taylor Bolden, guilty of possessing heroin with intent to sell. The second count of the indictment charged Bolden had been convicted of a prior offense of unlawful possession of a controlled substance. After the guilty verdict, the trial judge further instructed the jury. Then it fixed the punishment for Keith to five years and Bolden to 11 years in the penitentiary. They appeal in error.

With a warrant to search the premises, five officers went to a Memphis residence on April 7, 1973. Sergeant Hamby knocked on the front door. In response to an inquiry from within, he identified himself as "Sheriff's Department." Sergeant Hamby could hear movement inside the house. He then tried the door and found it locked. He called to those officers in the rear to force that door and he forced the front door open.

As he entered Sergeant Hamby saw Keith run through the house and into the bathroom with Lieutenant Locastro in pursuit. She closed the door and flushed the toilet. Lieutenant Locastro promptly forced that door open and fished out of the toilet bowl a tinfoil package containing 22 "quarter spoons" of heroin.

Seven persons, including the appellants, were arrested in the house. Following *Miranda* warnings, Sergeant Hamby asked Bolden if he knew anything about the heroin. Bolden replied, "Yes, part of it is mine." Other drugs, syringes and marijuana were also found there. A woman officer searched Keith and found a bottle of Desbitol pills in her bra. An expert witness testified that the powder taken from the toilet bowl was heroin.

Neither appellant testified or offered any evidence. In a suppression hearing out of the jury's presence, Bolden denied making any statement at the scene.

█ In his first assignment of error, Bolden challenges the affidavit to the search warrant. Although this question was not raised in the motion for a new trial, we have examined it and find it to be without merit. The affidavit says:

"STATE OF TENNESSEE,
  SHELBY COUNTY.

Personally appeared before me, J. L. Hamby and made oath that he has good ground and belief, and does believe that A male black known as 'Lefty', approximately 5′ 8″, 150 pounds, approximately 28 years of age, a female black known as Joyce. is/are in possession of the following described property, to-wit:    Heroin

contrary to the laws of the State of Tennessee, upon the following described premises, to-wit: A two story brick apartment complex known as 3735 Robinhood Park, apartment two (2) located in Memphis, Shelby County, Tennessee.

and his reasons for such belief are that affiant has On April 6, 1973 the affiant talked with a reliable citizen of Memphis, Shelby County, Tennessee who has given the affiant other information in the past which he has found to be true and correct. This reliable citizen stated that within

the past four (4) days this reliable citizen has been in the above described residence and has seen the above described persons selling and storing Heroin inside this residence.

He therefore asks that a warrant issue to search the person and premises of the said A male black known as 'Lefty', approximately 5′ 8″, 150 pounds, approximately 28 years of age, a female black known as Joyce.

as above described in said County, where he believes said Heroin

is/are now possessed, contrary to the Laws of Tennessee.

/s/ J L Hamby

(Affiant)"

The information given by the informant came from his personal observations of the offense and the items to be seized. He had previously supplied accurate information to the law enforcement officer. Under the rules laid down in *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697; *Dishman v. State,* 3 Tenn.Cr.App. 725, 460 S.W.2d 855, this affidavit is sufficient for an independent determination, by a neutral officer, that probable cause existed. It includes facts from which the magistrate could find the conclusions are warranted. This assignment is without merit.

Both appellants say the search was improperly executed.

TCA 40–509 allows forcible entry by officers only after notice of authority and purpose. The officer here announced his authority but not his purpose before forcing entry. After knocking on the door, Sergeant Hamby heard a male voice ask, "Who is it?" To this Sergeant Hamby replied, "Sheriff's Department." He then heard movement inside which other officers described as running and scuffling and a loud noise in the house.

■ The burden of making an express announcement of authority and purpose is slight and under ordinary circumstances this must be done. *Miller v. United States,* 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958). The United States Supreme Court, however, recognizes exceptions under exigent circumstances to the strict requirement of "knock and announce." *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726. See also *Sabbath v. United States,* 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828.

■ Where officers have a valid search warrant in their investigation of narcotic offenses and make an initial but defective announcement of their purpose which is followed by the sounds of the occupants running and scuffling, the officers may readily conclude that the drugs are being destroyed or flushed down the toilet. Under these circumstances they may force entry without further announcement. See *State v. Young,* 76 Wash.2d 212, 455 P.2d 595 (1969); *People v. Clay,* 273 Cal.App.2d 279, 78 Cal.Rptr. 56 (1969); *Commonwealth v. Dial,* 445 Pa. 251, 285 A.2d 125 (1971); *State v. Carufel,* 112 R.I. 664, 314 A.2d 144 (1974).

This assignment is overruled.

■ Bolden challenges the sufficiency of the evidence to show that the substance seized was heroin. He contends that Hamby gave a field test on the substance which turned blue and that the state's expert testified that heroin turns reddish-purple. The expert testified that the substance she tested was heroin and the chain of custody shows that this was the substance seized. This assignment is without merit.

■ Keith complains that Bolden's statement implicated her in violation of *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476.

At the scene an officer, after proper warnings, asked Bolden about the heroin, to which he replied, "Yes, part of it (heroin) is mine." This statement cannot be read as implicating Keith. She was one of seven people in the room. This does not indicate that the rest of heroin belonged to her. *Bruton* does not apply.

■ Bolden challenges the introduction of the statement on the ground that he had not been furnished the names and addresses of the witnesses to it in accordance with TCA 40–2441. This again is an assignment not called to the attention of the trial judge in the motion for a new trial.

The record does not show that Bolden demanded this information in accordance with the statute. This assignment is overruled. *Morelock v. State,* 3 Tenn.Cr.App. 292, 460 S.W.2d 861.

■ Bolden questions the constitutionality of the inference permitted under TCA 52–1432(a)(2) from the amount of the controlled substance possessed that it was possessed with the purpose of selling or otherwise dispensing. This was not raised in the motion for a new trial. We upheld this section against constitutional attack in *Williams v. State,* Tenn.Cr.App., 506 S.W.2d 193. This assignment is meritless.

■ Keith says the court erred in not requiring the state to produce the name of the informant in the search warrant. There was no showing that the informant was a material witness whose identity should have been disclosed. The court did not err here. *Wells v. State,* Tenn.Cr.App., 509 S.W.2d 520.

■ Keith contends that the court erred in permitting the jury to fix her punishment in the same manner as it did for Bolden. This was not raised at trial or in the new trial motion. She cites no authority. She received the minimum for the offense of which the jury found her guilty and we find no error in any event.

■ Likewise without merit is Keith's claim that the court should have instructed the jury on the punishment and place of confinement for misdemeanors. Since the jury found her guilty of a felony before deliberating on punishment, the court was not required to instruct on misdemeanors.

The evidence fully supports the convictions.

All assignments are overruled and the judgment is affirmed as to both appellants.

DWYER and O'BRIEN, JJ., concur.