Ernest RUFFIN, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Jan. 18, 1979.

Certiorari Denied by Supreme Court April 9, 1979.

Edward G. Thompson, Shelby County Public Defender, Charles E. Baucum, Asst. Public Defender, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Richard S. Maxwell, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., Don A. Driver, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DUNCAN, Judge.

This is an appeal from a judgment of the Shelby County Criminal Court which approved a jury verdict finding the appellant, Ernest Ruffin, guilty of escape, and assessing as his punishment a penitentiary sentence of not less than one year nor more than five years.

In this appeal the appellant attacks the constitutionality of the escape statute and complains about the admission of an oral statement he made to police officers shortly after his recapture.

We affirm the appellant's conviction.

Under his first assignment of error, the appellant argues that the escape statute, T.C.A. § 39–3807 (Supp.1978), is unconstitutional because, according to the appellant's theory, it is ambiguous and does not give proper notice to an accused; thus, he reasons, it is violative of his rights to due process of law.

The provisions of T.C.A. § 39–3807 (Supp.1978) pertinent to this appeal read as follows:

> If any person confined in a county workhouse or jail or city jail or municipal detention facility upon any charge of or conviction of a criminal offense constituting a felony shall escape or attempt to escape therefrom, he shall be guilty of a felony; . . . . Any term of imprisonment imposed upon any person convicted under this section shall begin at the expiration of the aggregated term of imprisonment he was serving at the time of his escape or attempt to escape.

In particular, the appellant argues that the last sentence of the statute limits convictions to those persons who were serving a "term of imprisonment" when they escaped. Thus, the appellant reasons, since he was not serving time under a "term of imprisonment" at the time of his escape, he cannot legally be punished under the statute. We do not agree with this reasoning.

T.C.A. § 39–3807 (Supp.1978) applies to two classes of persons: one, those who are confined in a city or county jail on a felony charge; two, those who are confined in a city or county jail on a felony conviction. Clearly, the last sentence of the statute applies to the second class of persons, and is merely a directive by the legislature that any *convicted felon* who escapes while confined in a city or county jail shall have his conviction for the escape run consecutive to "the aggregated term of imprisonment he was serving at the time of his escape or attempt to escape." At the time of his escape, the appellant was not serving a "term of imprisonment" within the meaning of that phrase as used in the last sentence, but he was clearly confined in the Shelby County Jail upon a charge of "a criminal offense constituting a felony," which placed him within the purview of the first sentence of the statute.

The statute gives clear and detailed notice of the conduct it proscribes. There is no constitutional infirmity in T.C.A. § 39–3807 (Supp.1978).

The basis of appellant's second assignment of error is an oral statement made by the appellant to a deputy sheriff, in which the appellant admitted escaping and sought to establish a motive for his actions. Appellant argues that he was "ambushed" at trial when the deputy sheriff unexpectedly testified about the statement. He further argues that, pursuant to T.C.A. § 40–2441, he previously had "filed requests for all statements" and discoverable material and the names and addresses of all persons present at the time any statements were made.

■ We have reviewed the technical record and are unable to find any discovery motion based on T.C.A. § 40–2441. Our attention to such a complaint as this is foreclosed in the absence of such a motion. *Keith v. State*, 542 S.W.2d 839 (Tenn.Crim. App.1976); *Morelock v. State*, 3 Tenn.Crim. App. 292, 460 S.W.2d 861 (1970). Moreover, this complaint was not incorporated in the appellant's motion for a new trial; thus, because it would not rise to the stature of

being a patent invalidating error, then the rule attaches that the trial judge will not be put in error on matters not brought to his attention in the motion for a new trial. *Taylor v. State*, 544 S.W.2d 897 (Tenn.Crim. App.1976); *Keith v. State, supra.*

■ Further, we point out that the testimony complained about was merely cumulative to other evidence which conclusively established the appellant's guilt of escape. Thus, even if the complaint were in a posture for consideration and even if error were to be found, it would necessarily be harmless error. T.C.A. § 27–117.

We overrule the appellant's assignments of error. The judgment of the trial court is affirmed.

CORNELIUS, J., and JERRY SCOTT, Special Judge, concur.