**STATE of Tennessee, Appellee,**

v.

**George Allen FLETCHER, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 6, 1990.

Permission to Appeal Denied by Supreme Court May 2, 1990.

Kymberly Lynn Ann Hattaway, Asst. Atty. Gen., Dan Hamm, Asst. Dist. Atty. Gen., Nashville, for appellee.

Gloria A. Dumas, Nashville, for appellant.

## OPINION

DAUGHTREY, Judge.

In this delayed appeal, we are asked to determine whether Nashville police violated the so-called "knock and announce rule" when they kicked in the door and executed a search warrant at the home of the defendant, George Allen Fletcher. Fletcher pleaded guilty to felonious possession of cocaine, but reserved the right to appeal the validity of the officers' conduct as a certified question under Tennessee Rules of Criminal Procedure 37(b)(2)(i). We conclude that the trial court erred in denying the defendant's motion to suppress the evidence seized pursuant to the search warrant, and we therefore reverse the judgment of conviction entered below.

The facts in issue are largely undisputed. Defendant Fletcher and a friend were at Fletcher's home, watching music videos on television in the living room. Two Nashville police officers, armed with a search

warrant, knocked on Fletcher's back door. They heard music playing inside but no response to their knock. There is some controversy about how long the officers waited before breaking down the door. But neither the defense nor the prosecution suggests that the officers spoke or in any way announced their authority before kicking in Fletcher's door.

The "knock and announce rule," as applied in the decisions of this court, requires officers to announce their authority and purpose before they break into a building to execute a search warrant. *Keith v. State*, 542 S.W.2d 839, 841 (Tenn.Crim.App. 1976). Likewise, Rule 41(e) of the Tennessee Rules of Criminal Procedure allows a peace officer armed with a search warrant to break in if, after announcing his authority and purpose, the officer is not admitted, or there is no one present with authority to admit the officer.

There are, of course, recognized exceptions to the general rule. If an officer executing a warrant hears sounds indicative of flight or destruction of evidence—running, scuffling, or toilet flushing—the officer need not complete the announcement procedure before breaking in. *Keith, supra.* In addition, the officer is not required to announce his authority and purpose to an empty house before entering it. *United States v. Hawkins*, 243 F.Supp. 429 (E.D.Tenn.1965).

Neither of these exceptional circumstances was present here. The officer admitted he heard music inside the house, which would tend to indicate that the house was in fact occupied. There was also no testimony at the suppression hearing that the officer heard sounds of evidence being destroyed. The officer could advance no reason for his failure to announce himself. Clearly, the procedure the officer followed in the execution of the warrant was flawed, and, as a result, the fruits of the search should have been suppressed.

Although the state argues forcefully against the application of the exclusionary rule under these circumstances, the state does not suggest an alternative to suppression, other than to have us pronounce the police illegality unfortunate, but not a deprivation of "fundamental fairness," and then, presumably, overlook it. This we decline to do.

There is no suggestion in the record that the state would be able to sustain prosecution of the defendant without the evidence seized in the execution of the search warrant, and the certification asserts that the question is dispositive of the outcome. We therefore order that the charges in this case be dismissed.

Reversed and dismissed.

DUNCAN, P.J., and WADE, J., concur.