STATE of Missouri, Respondent,

v.

Terry WASHINGTON, Appellant.

Terry WASHINGTON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60506, 61837.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 16, 1993.

John A. Klosterman, S. Paige Canfield, Marilynn Rydlund, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction for two counts of stealing a motor vehicle and the subsequent denial of his Rule 29.15 motion for post-conviction relief. We affirm.

Defendant does not challenge the sufficiency of the evidence. On December 29, 1989, Evelyn Williams loaned her car to her brother, Rickey Gipson. On that day, Gipson saw Defendant at the White Castle parking lot at Kingshighway and King Drive. Gipson agreed to take Defendant to cash his paycheck. On the way back to the White Castle, Gipson stopped at a drug store to pick up some cigarettes, leaving the keys in the car with Defendant. When Gipson exited the store, the car and Defendant were gone. Gipson reported the car, a 1982 Nissan Maxima, stolen.

The following day, December 30, 1989, St. Louis City Police Officer Michael Marks was traveling west on Interstate 70 when he observed a Nissan Maxima and Lincoln Town Car parked on the right shoulder near the Florissant exit ramp. Defendant and another man were picking at the Lincoln's trunk. Marks called 911 and returned to the scene to see a third car pull

up driven by Leon Mann. Mann explained he was there to help his brother who owned the Lincoln and had run out of gas, but that his brother was not present. Marks then attempted to arrest Defendant and the other man. The other man fled from the scene, but Marks was able to arrest Defendant with Mann's help. The Nissan at the scene was the one taken from Gipson the previous day.

Defendant was charged with two counts of stealing a motor vehicle. On June 12, 1991, the jury convicted Defendant of both counts. He was sentenced as a prior and persistent offender to ten years on each count with the sentences to be served concurrently. Defendant appealed. He also filed a Rule 29.15 motion for post-conviction relief, which was denied after an evidentiary hearing. We have consolidated both appeals.

■ Defendant first argues the prosecutor made improper arguments during closing which personalized the crime to the jury. Defendant failed to preserve this allegation of error in his motion for new trial. Therefore, we review it under the plain error standard only to determine whether manifest injustice or miscarriage of justice resulted. Rule 29.11(d); and Rule 29.12(b). The argument Defendant attacks is as follows:

> This is your community, ladies and gentlemen. You decide how much inconvenience, how much crime you are going to let your society get away with.

We find no plain error in the prosecutor's argument. A prosecutor may not personalize his argument by attempting to arouse in the jury personal fear of the Defendant or speculate about future crimes the Defendant may commit. *State v. Hubbard*, 659 S.W.2d 551, 558 [23, 24] (Mo.App.1983); *See also, State v. Harris*, 714 S.W.2d 561, 563–64 [1] (Mo.App.1986). However, the prosecutor may comment about "the prevalence of crime in the community, the personal safety of its inhabitants, the jury's duty to uphold the law as well as inferences from its failure to convict, and such pleas may call upon common experience." *State v. Garner*, 760 S.W.2d 893, 901 [3] (Mo.App.1988). *See Morrison v. State*, 779 S.W.2d 677, 683 [9, 10] (Mo.App.1989); and

*State v. Schwer*, 757 S.W.2d 258, 264[13] (Mo.App.1988). The argument made in this case is simply a discussion of the jury's duty to uphold the law and inferences from its failure to convict. In fact, it is similar to *Garner*, 760 S.W.2d at 901, where the prosecutor argued the jury had a chance to do something about the epidemic of crime in our country. The court upheld that argument as proper. *Id.* at 901 [2]. Point denied.

Defendant also asserts the motion court erred in denying his Rule 29.15 motion for post-conviction relief. Our review of this denial is limited to a determination of whether the findings are clearly erroneous. Rule 29.15(j). Defendant asserts his trial counsel was ineffective for failing to call Randy Duckworth as a defense witness. To have prevailed on this point, Defendant must have shown that counsel's performance was deficient and said deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■ At the hearing on the motion, Defendant testified he told his trial counsel about Duckworth and where to find him. Duckworth testified he would have testified about Gipson's practice of renting his sister's car on occasion. However, Defendant's trial counsel testified he never investigated Duckworth because Defendant never mentioned him. The motion court believed trial counsel's testimony. We must defer to the motion court's determination regarding the credibility of witnesses. *State v. Tubbs*, 806 S.W.2d 746, 749 [8] (Mo.App.1991); and *Caraker v. State*, 712 S.W.2d 23, 24 [2] (Mo.App.1986). Therefore, because trial counsel has only a duty to make a reasonable investigation and contact potential witnesses named by the client, we find the motion court did not clearly err. *Brummell v. State*, 770 S.W.2d 379, 381[2] (Mo.App.1989). Point denied.

■ Defendant's final point on appeal is instruction number 4 modeled after MAI–CR3d 302.04 is unconstitutional because it equates "firmly convinced" with reasonable doubt. We must deny Defendant's

point pursuant to *State v. Griffin,* 818 S.W.2d 278, 282 [7] (Mo. banc 1991).

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.