STATE of Missouri, Respondent,

v.

Steven A. MAYO, Appellant.

Steven A. MAYO, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 66860, 68854.

Missouri Court of Appeals,
Eastern District,
Division One.

July 9, 1996.

Lew Kollias, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Steven A. Mayo appeals after verdict and sentence on the charge of first-degree robbery and the subsequent denial, after an evidentiary hearing, of his Rule 29.15 motion for post conviction relief. Mayo was sentenced to twenty years imprisonment as a prior and persistent offender. Section 569.020 RSMo 1994. We affirm.

Defendant does not challenge the sufficiency of the evidence. At approximately 11:00 p.m. on February 14, 1994, Peter McCann, a graduate student at Washington University, was returning from the University to his apartment at 750 Westgate. He was walking east on Delmar Avenue in an area with "pretty good lighting". A black male, later identified as defendant Steven Mayo, crossed Delmar and began walking beside McCann.

Defendant asked McCann to do him a favor and "help [him] out with a couple bucks." McCann offered the change in his pocket which defendant refused, stating he wanted "a couple bucks." When McCann said he didn't have that much, defendant said, "Man, why are you doing this to me? Why are you lying to me?" Defendant then put his hand inside his coat, turned toward McCann and said, "I could pop you right here. If you run, if you say anything, I'm gonna blow your head off." After McCann told him to calm down, defendant ordered McCann to "give me your stuff." McCann handed over his wallet. Defendant gave it back, saying he was "just jokin'." However, he again demanded money. He became "very, very angry," put his hand inside his coat and said, "I'm not jokin' this time. Give me your stuff." McCann handed his wallet back to defendant who told McCann, "I'm gonna teach you a lesson." After going through the wallet, defendant pulled out $15, threw the wallet back to McCann and continued walking north on Westgate.

McCann went into his apartment and telephoned police to report the robbery. Shannon Eaton, a University City Police Officer on duty, took a description of the assailant and broadcast it over the police radio. Eaton also took McCann to the police station to look at photographs. McCann was unable to make a photo identification at that time.

Approximately one hour after hearing the broadcast description of the robbery suspect, University City Police Officer Thomas Bailey saw defendant walking in the 700 block of Eastgate. Bailey stopped him and patted him down to search for weapons. After defendant identified himself as Steven Mayo, Bailey took him to the police station where McCann identified defendant from a photo lineup.

In his direct appeal, defendant claims the trial court erred in overruling his objection to the prosecutor's closing argument as personalizing the crime to the jury. He contends that the improper argument directed the attention of the jury to crimes reported in newspapers and diverted their consideration away from the facts and evidence of his own case.

■ Although counsel made timely objections to the challenged argument at the time of trial, defendant's claim of error was not included in his motion for new trial, and therefore, was not preserved for appellate review. Rule 29.11(d). *State v. Washington,* 846 S.W.2d 794, 795 (Mo.App. E.D.1993). Accordingly, defendant's complaint about the prosecutor's closing argument will be considered under the plain error standard only to determine whether manifest injustice or miscarriage of justice resulted. Rule 30.20.

■ Defendant contends the following portion of the prosecutor's rebuttal argument personalized the crime to the jury:

State: Ladies and gentlemen, you may watch television. You may read the newspaper. You know all about the crime. And you may have thought to yourself: What can I do about it?

Defense Counsel: Your Honor, I'm gonna object. This is personalizing with the Jury because what they read in the newspaper has nothing to do with this courtroom today at all. It's this case only that's before them.

The Court: Overruled.

State: Ladies and gentlemen, Miss Liggett may interrupt me but I'm still gonna say what I'm gonna say. And you may think: What can I do about it? Well, right now I told you before is the time for you to do your job. You are like law enforcement. Right now you are gonna take the evidence and you're gonna apply it to the Jury instructions which is the law.

If you remember nothing else of what I said today please remember this: This is your County and you're the Jury in this case. And now is your opportunity to do something about it. This is your community. The Defendant has no respect—

Defense Counsel: Objection. She's personalizing with the Jury.

The Court: Overruled.

Defense Counsel: They're deciding the facts of this case, not the community standards.

The Court: Proceed.

State: Thank you. And the Defendant has no respect for that community. What he did he did out in an open public street. He has no respect for himself or his community. Ladies and gentlemen, you remember whose County this is. It's your County. Thank you.

■ We find no error, plain or preserved, in allowing the prosecutor's argument. Where there is timely and proper objection to closing argument, the trial court has broad discretion in ruling on such objections, and wide latitude will be accorded counsel in their summations. *State v. Murphy,* 739 S.W.2d 565, 570 (Mo.App.1987)(*citing State v. Newlon,* 627 S.W.2d 606, 616 (Mo. banc 1982)), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982), *reh'g denied* 459 U.S. 1024, 103 S.Ct. 391, 74 L.Ed.2d 520 (1982). A conviction will be reversed for improper argument only if it is established that the complained of comments had a decisive effect on the jury's determination or where the argument is plainly unwarranted. *Id.*

■ A prosecutor may not personalize the argument by attempting to arouse fear of personal danger to the jurors or to their families if the defendant were to be acquitted. *State v. Washington, supra,* at 795. However, the prosecutor may comment about the prevalence of crime in the community, the personal safety of its inhabitants, and the jury's duty to uphold the law as well as inferences from its failure to convict, and such pleas may call upon common experience. *State v. Garner,* 760 S.W.2d 893, 901 (Mo.App.1988)(*citing State v. Newlon, supra,* at 618–619). It is also permissible for the state to "argue the necessity for law enforcement ... and argue both the prevalence of the crime in the community and for the personal safety of its inhabitants ... and that conviction of defendant is part of the jury's duty to prevent crime...." *State v. Murphy, supra,* at 570–571.

In this case, the prosecutor's argument was not impermissible personalization. There was no implied threat of personal danger to the jurors or to their families. Rather, the prosecutor was reminding jurors of their duty to represent their community and their county and to prevent crime by upholding the law. The jurors were sworn to follow the law. In fact, the argument was similar to that made in *Garner* where the prosecutor referred to the jurors' common experience acquired by reading newspapers, watching television or listening to the radio about the modern *epidemic of crime*. The prosecutor asked how many times the jurors thought to themselves, "Why doesn't somebody do somethin' about it?" *Supra,* at 901. The court found this argument a permissible comment about the prevalence of crime in the community and the jurors' duty to uphold the law. *Id.*

In the present case, the prosecutor also referred to the common experience of the jurors in reading the newspaper and watching television. She suggested jurors "may think: What can I do about it?" The remainder of her argument was directed to the proper role of the jury to enforce the law and thereby prevent crime in the community and in the county. The context of this argument included instructions on the state's burden of proof and a recital of the evidence the jury should consider. The prosecutor's argument was well within the limits recognized in *Garner.* We do find the prosecutor's closing argument did not cause manifest injustice or miscarriage of justice during the trial. Point denied.

Defendant casually refers to his appeal of the order denying Rule 29.15 motion for post conviction relief. That motion alleged ineffective assistance of counsel for failure to contact and call alibi witnesses. However, this point appears in the jurisdictional statement in the brief and nowhere else. Therefore, we consider the appeal as abandoned.

We affirm.

REINHARD, P.J., and GRIMM, J., concur.