# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1999 SESSION



**FILED**

**March 26, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9809-CC-00295 |
| Appellee, | ) |
| | ) Haywood County |
| V. | ) |
| | ) Honorable Dick Jerman, Jr., Judge |
| | ) |
| **HOWARD KAREEM ATKINS,** | ) (Possession of Schedule VI |
| | )   With Intent) |
| Appellant. | ) |
| | ) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


TOM W. CRIDER                         JOHN KNOX WALKUP
District Public Defender             Attorney General & Reporter

JOYCE DIANE STOOTS                   JOHN ROSS DYER
Assistant Public Defender            Assistant Attorney General
107 South Court Square               Criminal Justice Division
Trenton, TN 38382                    425 Fifth Avenue North
                                     Nashville, TN 37243

                                     CLAYBURN PEEPLES
                                     District Attorney General
                                     110 College, Suite 200
                                     Trenton, TN 38382


OPINION FILED: _____


**AFFIRMED**


**JOHN EVERETT WILLIAMS,**
Judge

# O P I N I O N

In the Circuit Court of Haywood County, Tennessee, the defendant, Howard K. Atkins, pleaded guilty to possession of a schedule VI controlled substance with intent to sell or deliver. On a certified question of law, the defendant appeals the trial court's denying his pre-trial motion to suppress evidence. We AFFIRM the trial court's judgment.

## BACKGROUND

The defendant states the issue as follows:

> Whether the trial judge committed error of prejudicial dimensions by failing to suppress the items seized pursuant to law enforcement officers executing a search warrant for defendant's home without giving notice and making an unannounced forcible entry into the premises when no exigent circumstances existed to justify said lack of notice and unannounced forcible entry in violation of defendant's Fourth Amendment rights.

The trial judge's Order certifies the question under Tenn. R. Crim. P. 37(b)(2)(i):

> An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction: . . . (2) Upon a plea of guilty or nolo contender if: (i) Defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case.

However, the defendant cites Tenn. R. Crim. P. 37(b)(2)(iv), which addresses an appeal from a plea not subject to any agreement with the state:

> An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction: . . . (2) Upon a plea of guilty or nolo contender if: . . . (iv) Defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case.

Under this authority, an appeal does not require permission from the state. The Judgment incorporates the Order by reference, and that Order satisfies either standard because it comprises (1) a statement of the certified question, sufficient to "clearly identify the scope and the limits of the legal issue reserved";

(2) consent to the appeal from the trial judge and from the state; and (3) accord from the trial judge and from the state on the dispositive nature of the question. See State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988); see also Tenn. R. Crim. P. 37, advisory comm'n cmts. [1997]. Further, this Court agrees that, on the submitted record, the certified question is dispositive: suppression of the evidence would dispose of the state's case. See State v. Curtis, 964 S.W.2d 604, 609 (Tenn. Crim. App. 1997) (Peace officers violating the "knock and announce" rule during search warrant execution risk "the exclusion of any evidence seized under color of the warrant."). See generally State v. Harris, 919 S.W.2d 619, 621 (Tenn. Crim. App. 1995) (Suppression of evidence found in a residence during an allegedly invalid search necessitated dismissal.). The appeal is properly before this Court.

Pursuant to a narcotics investigation, Investigator Billy Blackwell of the Haywood County Sheriff's Department obtained a search warrant for the defendant's premises. Blackwell supervised execution of the warrant. Two officers approached the premises from the rear as Blackwell and two other officers approached the front.

The two officers in the rear advised Blackwell via radio that someone apparently saw the officers from a back window of the premises and ran from the window. These officers gave no further information to Blackwell regarding the actions, description, or location of this unknown person. Blackwell approached the front of the residence. The main front door was open, but the storm door was closed. Blackwell observed several people inside the residence. He opened the storm door and "advised that [he] had a search warrant--it was the Sheriff's Department with a search warrant" as he entered. Blackwell stated that he entered the residence and commenced his search because he feared that the person observed in the rear of the house might destroy illegal narcotics. The

officers charged the defendant for possession of suspected narcotics found in the residence.

## STANDARD OF REVIEW

A trial court's determination of fact at a suppression hearing "is presumptively correct on appeal." State v. Stephenson, 878 S.W.2d 530, 544 (Tenn. 1994). This Court upholds a trial court's decision "unless the evidence in the record preponderates against the finding." State v. Henning, 975 S.W.2d 290, 299 (Tenn. 1998). "'Questions of credibility of witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact.'" Id. "The party prevailing in the trial court is entitled to the strongest view of the evidence, as well as all reasonable and legitimate inferences that may be drawn from the evidence." Id. This Court does apply law de novo to the trial court's findings of fact. See State v. Yeager, 958 S.W.2d 626, 629 (Tenn. 1997).

## ANALYSIS

The Fourth Amendment of the United States Constitution requires reasonableness analysis on judicial review of state peace officers' noncompliance with a "knock and announce" rule during search warrant execution. See Curtis, 964 S.W.2d at 609. The "knock and announce" rule explicitly applies to search warrant service in Tennessee:

> If after notice of his authority and purpose a peace officer is not granted admittance, or in the absence of anyone with authority to grant admittance, a peace officer with a search warrant may break open any door or window of a building or vehicle, or any part thereof, described to be searched in the warrant to the extent that it is reasonably necessary to execute the warrant and does not unnecessarily damage the property.

Tenn. R. Crim. P. 41(e). Absent exigent circumstances, simultaneous announcement and entry is unacceptable, and the serving officer must "wait a

reasonable period of time" after announcement before entering. See State v. Lee, 836 S.W.2d 126, 128 (Tenn. Crim. App. 1991). A law enforcement officer executing a search warrant must generally give notice of (1) his authority (i.e., status as a peace officer) and (2) the purpose of his presence. See Curtis, 964 S.W.2d at 609. This rule protects occupants and officers from violence, protects privacy, and prevents needless destruction of property. See id. "The state has the burden of establishing facts and circumstances which constitute exigent circumstances," and these alleged circumstances must rise above "general fears" or "'mere hunch or suspicion.'" Id. at 610. Factors potentially establishing exigent circumstances include:

> (a) a person within the dwelling knows of the officer's authority and purpose; (b) the officers have a justified belief someone within the dwelling is in immediate peril of bodily harm; (c) the officers have a justified belief those inside the dwelling are aware of their presence and are engaged in escape or the destruction of evidence; (d) a person inside the dwelling is armed and is either likely to use the weapon or become violent; or (e) the person inside the dwelling has threatened an officer's safety, possesses a criminal record reflecting violent tendencies, or has a verified reputation of a violent nature.

Id. (emphasis added).

The submitted question challenges the state's articulated exigent circumstances: Did Officer Blackwell justifiably believe that persons inside the residence were aware of the officer's presence and were engaged in the destruction of evidence?

Illegal narcotics are susceptible to destruction. However, this susceptibility does not automatically constitute exigent circumstances. See United States v. Bates, 84 F.3d 790, 796 (6th Cir. 1996); see also Richards v. Wisconsin, 117 S.Ct. 1416, 1417, 1420 (1997) ( Felony drug investigations do not receive blanket exception from the "knock and announce" requirements under Fourth Amendment reasonableness analysis.). Absent sounds of evidence being destroyed, officers serving a search warrant pursuant to a narcotics investigation and hearing music inside the premises may not force

entry without complying with the rule. See State v. Fletcher, 789 S.W.2d 565, 566 (Tenn. Crim. App. 1990). Further, compliance with the "knock and announce" rule is not excused by the main door of a residence being open, with the screen door closed. See Lee, 836 S.W.2d at 129.

Conversely, officers with a search warrant for narcotics who hear running, scuffling, and loud noise after identifying themselves "may readily conclude that the drugs are being destroyed or flushed down the toilet" and may immediately force entry. Keith v. State, 542 S.W.2d 839, 841 (Tenn. Crim. App. 1976). Cumulative circumstances may constitute exigency. In Henning, 975 S.W.2d at 300, an officer with a search warrant observed the defendant conclude a drug transaction outside the premises to be searched. The defendant fled from the officer's approach, and the officer seized the defendant in the doorway. The officer identified himself and his purpose and observed the defendant attempt to kick cocaine under a sofa. The Tennessee Supreme Court affirmed that these circumstances cumulatively articulated a threat of destruction to any narcotics evidence in the premises and therefore excused compliance with the "knock and announce" rule. See Henning, 975 S.W.2d at 300.

A recent case presents facts similar to this appeal. In Curtis, 964 S.W.2d at 607 (Tenn. Crim. App. 1997), peace officers obtained a search warrant for crystal methamphetamine. As officers approached the residence for execution of the warrant, one officer claimed he saw "a silhouette . . . of a human being" through a window. The silhouette allegedly closed a window and disappeared "fairly quickly." Id. The officer could state neither the gender of the silhouette nor the area of the residence in which it was standing. Officer safety and evidence preservation concerns motivated an expedited entrance, and they entered the residence without performing a "knock and announce."

In Curtis, the trial court found no exigent circumstances and granted the defendant's motion to suppress evidence. See id. at 607, 608. The trial court questioned the credibility of the observing officer's alleged perception of a silhouette. On appeal, the state, as moving party, did not provide the requisite preponderance of evidence. This Court noted that the officer could not identify the gender of the silhouette, in what portion of the residence he saw the silhouette, or to what portion of the dwelling the silhouette was going "rather rapidly." Further, no evidence in the record supported the officer's allegation that the person in the residence responsible for the silhouette recognized the identity or the purpose of the officers. The articulated concerns were thus "generalized fears" and not exigent circumstances. Id. at 611.

In the instant case the state receives the benefit of the trial court's presumption of correctness. The defendant must show by a preponderance of evidence that the circumstances of service did not merit the finding of an exigency. The trial court found no Fourth Amendment violation because that court found that the state met its burden of showing exigent circumstances. The record submitted to this Court does not constitute a preponderance of evidence from which one might overcome the presumption granted to the trial court's holding. The record supports the trial court's concluding that the officer's concerns were reasonable and justified immediate entry. The issue is without merit.

**CONCLUSION**

The judgment below is AFFIRMED.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:


_____
DAVID G. HAYES, Judge


_____
JOE G. RILEY, Judge