IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 5, 2020

# STATE OF TENNESSEE v. EARL JEROME LEE, JR.

**Appeal from the Circuit Court for Madison County**
**Nos. 87-347; 87-467    Donald H. Allen, Judge**

_____

### No. W2019-01939-CCA-R3-CD

_____

The Appellant, Earl Jerome Lee, Jr., appeals as of right from the Madison County Circuit Court's summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. He contends that he is entitled to relief because his conviction for attempted felony escape was erroneously ordered to be served concurrently with his other sentences. Although we disagree with the trial court's conclusion that this issue had been previously litigated, we nevertheless conclude that the Appellant fails to state a colorable claim for relief. Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3(e) Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

Earl Jerome Lee, Jr., Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 5, 1988, the Appellant pled guilty in Madison County Circuit Court case number 87-347 to "fraudulent use of a credit card under $200" and concealing stolen property valued at over $200, and in case number 87-467 to aggravated kidnapping and attempt to commit felony escape. Pursuant to his plea agreement disposing of both cases, the Appellant received concurrent sentences of four years, ten years, forty years, and five years, respectively, resulting in an effective forty-year sentence.

In 2006, the Appellant filed a petition for a writ of habeas corpus, alleging "that his guilty pleas, which provided for concurrent service of the sentences accompanying the convictions for indictments 87-347 and 87-467, were illegal because he was on bond when he attempted to escape and committed aggravated kidnapping, thereby making consecutive sentencing mandatory under Tennessee Code Annotated section 40-20-111(B) (2002)." Earl Jerome Lee v. Glen Turner, Warden, No. W2005-01601-CCA-R3-HC, 2006 WL 1540877, at *1 (Tenn. Crim. App. June 6, 2006). This court held that the sentence was not illegal because the Appellant's "assertion that he was on bond at the time he committed the offenses in indictment 87-467 [was] disingenuous." Id. at *2.

Thereafter, on January 5, 2015, the Appellant filed a Tennessee Rule of Criminal Procedure 36.1 motion seeking relief from his convictions in case numbers 87-467 and 87-347. His motion sought relief based upon the fact that he received illegal concurrent sentences upon his guilty pleas in 1988; he argued that concurrent sentencing was illegal pursuant to Tennessee Rule Criminal Procedure 32(c)(3)(C) because he was on bond for the felony offenses in case number 87-347 when he committed the offenses in case number 87-467, and he was convicted of all the felonies. State v. Earl Jerome Lee, Jr., No. W2015-00623-CCA-R3-CD (Tenn. Crim. App. Apr. 24, 2015) (a case dispositional decision from this court denying the Appellant's motion to accept his late-filed notice of appeal, reasoning that this court had previously concluded in the habeas corpus proceeding that the Appellant was not on bond for the offenses in indictment number 87-347 when he committed the offenses in indictment number 87-467), perm. app. denied (Tenn. June 3, 2016). When the Appellant again filed an appeal in this court challenging the same 2015 Rule 36.1 motion, this court observed that the issue had been previously litigated. State v. Earl Jerome Lee, Jr., No. W2015-00968-CCA-R3-CD, 2016 WL 7732240, at *1 (Tenn. Crim. App. July 13, 2016).

On September 9, 2019, the Appellant filed the instant motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that his convictions for aggravated kidnapping and attempted escape in case 87-647 were required by statute and rule to be served consecutively to each other and consecutively to the convictions in case 87-347, consequently he contends the sentences are illegal, citing to both Tennessee Code Annotated section 39-16-605(d) and Tennessee Rule of Criminal Procedure 32(c)(3)(B). On September 25, 2019, the trial court summarily denied the Appellant's motion, finding that the court had previously decided this issue. The Appellant timely appealed.

## ANALYSIS

On appeal, the Appellant raises the same issue as stated in his present Rule 36.1 motion. The State responds that the Appellant's sentence is not illegal, but even if it is, his claim would not be a cognizable basis for relief under Rule 36.1.

Tennessee Rule of Criminal Procedure 36.1 provides that either the defendant or the State "may seek to correct an illegal sentence." An "[i]llegal sentence" is defined in the rule as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). The term "illegal sentence" "is synonymous with the habeas corpus concept of a 'void' sentence." See Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001), overruled on other grounds, Moody v. State, 160 S.W.3d 512, 515 (Tenn. 2005).

"[F]ew sentencing errors [will] render [a sentence] illegal." State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015). Examples of illegal sentences include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." Id. However, one exception exists when "the illegal aspect was a material component to the plea agreement but the illegal aspect was to the defendant's benefit," in which case "the court shall enter an order denying the motion." Tenn. R. Crim. P. 36.1(c)(3)(B).

As a preliminary matter, we disagree with the trial court's basis for denying the motion. The record reflects that in the Appellant's previous writ of habeas corpus and Rule 36.1 motion, he alleged that his sentence was illegal because he should have received consecutive sentences as a result of being on bond at the time he committed the attempted escape and aggravated kidnapping. However, in the present case, the Appellant argues that he should have received consecutive sentences because they were mandated by the escape sentencing provisions found in Tennessee Code Annotated section § 39-16-605(d) and Tennessee Rule of Criminal Procedure 32(c)(3)(B). This issue has not been previously determined.

Nevertheless, we conclude that the Appellant's sentence is not illegal. Starting with Tennessee Rule of Criminal Procedure 32(c)(3)(B) as written in 1987 states that consecutive sentencing is mandated "[t]o a sentence for escape or for a felony committed while on escape." The Appellant was never convicted for escape, however, only attempted escape. As such, Rule 32(c)(3)(B) does not apply.

Next, we note that the statute upon which the Appellant relies, Tennessee Code Annotated section 39-16-605, was enacted in 1989; the Appellant was indicted and convicted pursuant to Tennessee Code Annotated section 39-5-706 (1987). Section 39-5-706(a) (1987) provides,

> If any person confined in a county workhouse or jail . . . upon
> any charge of or conviction of a criminal offense constituting
> a felony shall escape or attempt to escape therefrom, he shall
> be guilty of a felony, and shall be punished by imprisonment

in the penitentiary for not less than one year nor more than five (5) years.

Subsection (b) continues: "Any term of imprisonment imposed upon any person convicted under this section shall begin at the expiration of the aggregated term of imprisonment he was serving at the time of his escape or attempt to escape." In Ruffin v. State, 580 S.W.2d 799, 801 (Tenn. Crim. App. 1979), this court stated:

> Tenn. Code Ann § 39-3807 (Supp.1978) [renumbered Tenn. Code Ann. § 39-5-706 in 1987] applies to two classes of persons: one, those who are confined in a city or county jail on a felony charge; two, those who are confined in a city or county jail on a felony conviction. Clearly, the last sentence of the statute applies to the second class of persons, and is merely a directive by the legislature that any convicted felon who escapes while confined in a city or county jail shall have his conviction for the escape run consecutive to 'the aggregated term of imprisonment he was serving at the time of his escape or attempt to escape.' At the time of his escape, the appellant was not serving a 'term of imprisonment' within the meaning of that phrase as used in the last sentence, but he was clearly confined in the Shelby County Jail upon a charge of 'a criminal offense constituting a felony,' which placed him within the purview of the first sentence of the statute.

At the time of the Appellant's attempted escape, he was serving no "term of imprisonment," but rather was confined in the Madison County Jail upon charges of concealing stolen property and credit card fraud in case number 87-347, which placed him within the purview of the first sentence of the statute. Thus, Tennessee Code Annotated section 39-5-706 does not statutorily require the Appellant's sentences in case number 87-467 to be served consecutively those in case number 87-347. See Walton A. Larson v. State, 1986 WL 5045, at *1 (Tenn. Crim. App. Apr. 29, 1986).

Finally, even if mandatory consecutive sentencing applied to the Appellant's case, he would not be entitled to relief because the agreed-upon sentence inured to his benefit. If all of the Appellant's sentence had been ordered to run consecutively, he would have faced an effective fifty-five-year sentence; applying concurrent sentencing, however, resulted in an effective forty-year sentence. A fifteen-year difference in sentencing can reasonably be said to be a material aspect of the plea agreement that benefitted the

Appellant.  Accordingly, pursuant to Rule 36.1(c)(3)(B), the trial court properly dismissed the motion without a hearing.  The Appellant is not entitled to relief on this basis.[1]

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

---

[1] We note that the Appellant's brief raises several additional issues alleging constitutional and procedural issues in his trial and sentencing; his issues either are not properly addressed by a Rule 36.1 motion or were not raised in the court below.  We further note that the Appellant filed two post-conviction petitions, which were denied; in any event, the limitations period for a post-conviction petition has long passed.